IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SELFGRID, LLC                    *
                                 *
v.                               *    Civil Action No. WMN-13-1890
                                 *
CUSTOM WELDING &                 *
FABRICATING, INC. et al.         *
                                 *
                                 *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Presently pending before the Court is a Motion to Dismiss filed by Defendants Custom Welding & Fabricating, Inc. and Daniel Muffoletto. ECF No. 5. The motion is ripe for review. For the reasons stated herein, the Court determines that no hearing is necessary, Local Rule 105.6, and the Motion to Dismiss will be denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff SelfGrid, LLC filed a Complaint against Defendants, Custom Welding & Fabricating, Inc. ("Custom Welding") and Daniel Muffoletto. Plaintiff alleges that it owns a GSW7000 Mobile Energy System ("the Trailer"), which it rents to customers in need of mobile green energy. Plaintiff asserts that it entered into a contract with Defendant Custom Welding, under which Custom Welding would perform various repairs, Plaintiff would pre-pay the quoted costs of the repairs (not to exceed $2,200.00), and, "upon speedy completion of the repairs,"

1

Custom Welding would return the Trailer to Plaintiff. Compl. ¶ 10. Plaintiff transferred possession of the Trailer to Custom Welding, through Defendant Muffoletto, on January 11, 2013. To date, Defendants have not returned the Trailer to Plaintiff.

Plaintiff alleges that it repeatedly requested updates on the Trailer, and that Defendants, from January through March, apparently continued to find mechanical problems with the Trailer that needed repair and exceeded the original $2,200.00 quote. On Monday, March 4, Muffoletto informed Plaintiff that the Trailer was ready for pickup, sent Plaintiff "a number of invoices totaling $34,336.40 and demanded payment of the same prior to release of the Trailer." Compl. ¶ 20. According to Plaintiff, only a small fraction of the invoiced charges related to the Trailer in 2013. The remainder was "for work Custom Welding alleges it performed on multiple GSW7000s in 2011 and 2012 when the Trailer and other GSW7000s now owned by [Plaintiff] were owned by a different entity, Green Trail Energy, Inc." Compl. ¶ 21.

Plaintiff alleges that, when it demanded that Custom Welding correct the invoices and release the Trailer, Defendant Muffoletto claimed that "he would release the Trailer only when SelfGrid paid both SelfGrid and Green Trail's invoices, or when a 'Dorchester [C]ounty Judge orders me to release it.'" Compl. ¶ 23. Plaintiff thereafter filed the present suit, alleging

2

claims for (1) breach of contract; (2) unjust enrichment/quantum meruit; (3) negligent misrepresentation; (4) fraud; and (5) trover and conversion.

Defendants filed a Motion to Dismiss on July 17, 2013, contending that Plaintiff's Complaint is "a glorified replevin claim" and Plaintiff should therefore have requested a show cause hearing pursuant to Federal Rule of Civil Procedure 64 and Maryland Rule 12-601. Moreover, Defendants assert that Plaintiff has not demonstrated its right to ownership of the Trailer, and that the Complaint should be dismissed because Green Trail Energy, Inc. ("Green Trail") the entity that Defendant contends may be the owner of the Trailer, is a necessary party that has not been joined.

**II.  LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for failure "to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint need only contain "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the Court assumes "that all the [factual] allegations in the complaint are true," id. at 555, and resolves all reasonable inferences in favor of the plaintiff. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009).

3

**III. ANALYSIS**

At the outset, the Court notes that Defendants' Motion to Dismiss contains, as exhibits, various documents relating to their assertion that Plaintiff is not the owner of the Trailer.[1] These documents cannot be fairly considered as integral to and relied upon in Plaintiff's Complaint, as they are more appropriately viewed as relating to a defense to be asserted by Defendants. Because Plaintiff did not refer to and rely upon those documents in its Complaint, the Court may not consider those documents in deciding a Motion to Dismiss without converting it to a Motion for Summary Judgment. See, e.g., Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). The Court declines to do so, and will not, therefore, consider the exhibits attached to Defendants' Motion to Dismiss. See HQM, Ltd. v. Hatfield, 71 F. Supp. 2d 500, 502 (D. Md. 1999). Thus, to the extent that Defendants assert that the Complaint must be dismissed because Plaintiff has not demonstrated ownership of the Trailer, the Motion to Dismiss will be denied. See Compl. ¶ 6 ("At all times relevant to this action, SelfGrid has been the owner of a GSW7000 Mobile Energy System (the "GSW7000" or the "Trailer"). . . ."); Twombly, 550 U.S. at 555 (noting that the

---

[1] These documents include court filings, exhibits, and transcripts from litigation to which Plaintiff was not a party, in addition to UCC filings relating to a non-party.

4

court, in considering a motion to dismiss, assumes all factual allegations in the complaint to be true).

### A. **Plaintiff is Not Required to Bring a Replevin Claim**

Defendants argue that, in lieu of Counts I-IV, Plaintiff was required to bring a claim sounding in replevin. Because Plaintiff did not act in compliance with Maryland Rule 12-601, by failing to bring a replevin action or request an initial show cause hearing to "determine the right to possession before judgment" scheduled "less than seven days after service," Defendants assert that the Complaint should be dismissed. See Md. Rule 12-601(d)(2).

Defendants do not, however, point to any legal authority stating that Plaintiff is <u>required</u> to bring a replevin action in order to obtain the relief it seeks. Maryland Rule 12-601(a) provides that "[a] person claiming the right to immediate possession of personal property <u>may</u> file an action under this Rule for possession before judgment." (Emphasis added). Maryland Rule 12-601 is therefore permissive, and does not mandate that a plaintiff bring a replevin action in order to obtain "immediate possession" of personal property.

Nowhere in Plaintiff's Complaint does Plaintiff assert a right to "possession before judgment" of the Trailer, as would

5

be asserted in a replevin action.[2]  See Md. R. 12-601.  Although the facts as alleged in the Complaint would certainly seem to support a replevin action, the simple fact is that Plaintiff has not chosen to bring one.  See, e.g., Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987) ("[P]laintiff is the master of the complaint[.]").  Defendants do not argue that Plaintiff has failed to state a claim on the causes of action that it has chosen to pursue.  Moreover, to the extent that Defendants argue that Plaintiff seeks a remedy not available in an action for trover and conversion by virtue of its demand for possession of the Trailer, the Court notes that Plaintiff also seeks, in the alternative, compensatory damages.  Compl. at 10-11.  Plaintiff is permitted to plead alternative statements, which are considered to be "sufficient if any one of them is sufficient."  See Fed. R. Civ. P. 8(d)(2).  Defendants do not claim that Plaintiff's alternative remedy, compensatory damages, is not a permissible remedy for trover and conversion.  Therefore, the motion to dismiss will be denied on this ground.

### B. **Defendants Have Not Established that Green Trail is a Necessary Party**

Defendants additionally assert that "[t]he uncertain ownership of the Trailer also requires the participation of

---

[2] To the extent that Plaintiff seeks "immediate possession" of the Trailer, the Court does not construe this as seeking possession before judgment.

6

Green Trail Energy, Inc. as a party." ECF No. 5 at 5. Pursuant to Fed. R. Civ. P. 12(b)(7), a case will be dismissed if a required party cannot be added to a case. In determining whether a party is required, courts consider whether "(1) in that person's absence the court cannot accord complete relief among existing parties;" or (2) if the absentee person is "so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect its interests; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . ." Fed. R. Civ. P. 19(a)(1). Where joinder of a required party is not feasible, "dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Fed. R. Civ. P. 12(b)(7); see also Owens-Illinois v. Meade, 186 F.3d 435, 440-41 (4th Cir. 1999).

Here, to the extent that the Court may even consider Defendant's assertions in a motion to dismiss without converting it to a motion for summary judgment, Defendants have failed to establish that Green Trail is either a necessary party or that its joinder is unfeasible. Defendants' claim on this point is based simply on Green Trail's inclusion in litigation in Queen Anne's County, Maryland, and its "various[] descri[ptions in that suit] . . . as the owner, seller, and would-be manufacturer

7

of the Trailer." ECF No. 5 at 7. In support of their contention, Defendants state only that, "[f]rankly, the Defendants do not know with any certainty who owns the Trailer and whether delivery to the Plaintiff or Green Trail Energy, Inc. exposes them to liability to the entity that is not the chosen recipient." Id. (footnote omitted). Defendants essentially admit that they do not know whether Green Trail has an interest in the Trailer and is thus a necessary party, but, rather, base their argument on speculation that Green Trail might have a possessory interest in the Trailer. Moreover, Defendants have not demonstrated that joinder is unfeasible, as Green Trail is a California corporation. If Defendants believe Green Trail to be a necessary party, Defendants may certainly seek joinder of Green Trail as a party, whether through an interpleader action or as otherwise appropriate. Dismissal is not, however, warranted at this time.

**IV. CONCLUSION**

For the reasons stated herein, Defendant's Motion to Dismiss will be denied. A separate order shall issue.

/s/
William M. Nickerson
Senior United States District Judge

DATED: November 26, 2013